IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA AWALD, BARBARA BEYER, SAMARA BUTTY, HUGH COOPER, STEVEN PAYNE, ROBERT GRANNIS, ETON TECHNOLOGY, DAVID FIACCO, LYNN FRAAS, STEVEN GARRETT, JAMES GILBERT, CLAYTON HOUSTON, HOMER KIEFER, LISA KIEFER, ROBERT LINDSEY, and RANDALL COOPER,<br><br>          Plaintiffs,<br><br>v.<br><br>HALO Technology Holdings, Inc.,<br><br>          Defendant. | FILED IN CLERK'S OFFICE<br>U.S.D.C. Atlanta<br><br>MAY 15 2007<br><br>JAMES N. HATTEN, Clerk<br>By: _____ Deputy Clerk<br><br>CIVIL ACTION NO.<br>1:07-CV-00898-JEC |

### ORDER

This case is before the Court on two motions: plaintiffs' Motion for Temporary Restraining Order [2], which was filed along with the plaintiffs' Complaint at the same time that the latter was filed in the Superior Court of Fulton County, Georgia, and defendant's Motion to Expedite Consideration of Plaintiff's Motion for Temporary Restraining Order [5].

As noted, the present case was filed in state court. On April 23, 2007, defendant removed the action to this Court, citing diversity jurisdiction [1]; defendant filed an answer on May 1, 2007

[3]. As noted, at the same time that they filed a Complaint in state court, plaintiffs filed a motion for a temporary restraining order [TRO]. Defendant responded, in opposition, to that motion on May 7, 2007 [4]. On the same date, defendant filed a motion [5], asking this Court to expedite consideration of the plaintiffs' motion for TRO. Specifically, defendant requested that the Court rule on the underlying motion for TRO before May 18, as the existence of this motion is allegedly having a chilling effect on negotiations to sell the asset at issue. (*Id.* at 3.) Plaintiffs have not filed any opposition to expediting consideration of the TRO, nor have plaintiffs filed any reply to defendant's response to the underlying motion for TRO.

In their response to plaintiffs' motion for a TRO, defendant correctly notes that the standard for granting preliminary injunctive relief is high and, specifically, a movant must show four things: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs the harm that non-movant would suffer if relief were granted; and (4) that entry of the relief would serve the public interest. Plaintiffs have not attempted to make a showing on any of these elements. Necessarily, then, they have not met their burden. Moreover, defendant has offered persuasive reasons why plaintiffs would not have been able

to meet their burden, had they attempted to do so.

Accordingly, the Court **DENIES** plaintiffs' Motion for Temporary Restraining Order [2] and **GRANTS** defendant's Motion to Expedite [5].

SO ORDERED, this __15__ day of May, 2007.

                                JULIE E. CARNES
                                UNITED STATES DISTRICT JUDGE